{¶ 88} I concur that the second assignment of error should be overruled. There is nothing in Section 10, Article I, Ohio Constitution to warrant a more restrictive interpretation of the right of confrontation under our state constitution than that provided by the Sixth Amendment. A claimed violation of the right of confrontation under Section 10, Article I, Ohio Constitution based on admission of out-of-court declarations should be reviewed under the standard set by the United States Supreme Court in Crawford v. Washington (2004), 541 U.S. 36,124 S.Ct. 1354.
 {¶ 89} In Crawford, while the Supreme Court did not define "testimonial" in the context of a Confrontation Clause challenge, the court did acknowledge three possible definitions of that term. Those definitions include: (1) ex parte in-court testimony or its functional equivalent, such as affidavits and prior testimony that the defendant was unable to cross-examine, or pre-trial statements that declarants would reasonably be expected to be used in a prosecution; (2) extrajudicial statements contained in formal testimonial materials such as depositions, prior testimony or confessions; and (3) statements made under circumstances which would lead an objective witness to believe the statement would be available for use at a later trial. Id. at 51-52.
 {¶ 90} The third definition is most likely to exclude out-of-court declarations as "testimonial" and is the only definition relevant to this case. Even under that definition, I conclude the victim's declaration in this case should not be categorized as "testimonial." The victim was six years old at the time the declaration was made to an examining medical practitioner. It is highly doubtful that the child had any idea that her statement would be preserved for use at a later trial. With these additional observations, I concur with the overruling of defendant's second assignment of error.
 {¶ 91} I also concur that the fifth assignment of error must be sustained in part. Based upon controlling authority of the Supreme Court of Ohio, I believe that insufficient evidence of force was presented to support a life sentence in this case.
 {¶ 92} Pursuant to R.C. 2907.02(B), a life sentence must be imposed where the victim of a rape is less than 13 years of age and the offender compelled the victim to submit by the use of force, or threat of force. A life sentence is also authorized where the victim is less than ten years of age at the time of the offense. Although the victim clearly was under the age of ten at the time of the offense, the indictment did not allege that fact, but alleged only the use of force or threat of force. Therefore, defendant's life sentence can only be upheld if the record contains evidence that he purposely compelled the victim to submit to the assault by force or threat of force.
 {¶ 93} To uphold a life sentence under R.C. 2907.02(B), "some amount of force must be proven beyond that force inherent in the crime itself." State v. Dye (1998), 82 Ohio St.3d 323, 327. The force need not be overt or brutal but can be subtle and psychological. The relative age, size, strength and relationship of the parties are factors to consider in determining whether the state proved force. Id. The relationship of a child to an adult in a position of authority may provide evidence of psychological coercion.
 {¶ 94} In State v. Eskridge (1988), 38 Ohio St.3d 56, the court upheld a life sentence for rape of a child under the age of 13 where the defendant, the father of the four-year-old victim, physically removed her panties and then placed her on a bed. Both removal of clothing and placement of the victim on a bed were physical acts of compulsion and constraint that met the definition of force contained in R.C. 2901.01(A) and the court recognized "the coercion inherent in parental authority when a father sexually abuses his child." Id. at 59.
 {¶ 95} While Eskridge and Dye stand for the proposition that coercion is inherent when a person in a position of parental authority sexually abuses a child of tender years, the decisions do not equate the coercion inherent in the relationship with the force or threat of force that is required for a life sentence. Force is defined in R.C. 2901.01(A)(1) as: "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." (Emphasis added.) Force involves a physical act. Therefore, while parental authority may be inherently coercive, parental authority alone does not provide proof of that additional physical force required for a life sentence. Were this not the case, every instance where a person of authority engaged in sexual conduct with a child less than 13 years of age would automatically result in a life sentence.
 {¶ 96} In this case, the victim reported to the examining nurse practitioner that she was in bed pretending to sleep when her mother's boyfriend turned her over to commit the assault. The pretext of being asleep demonstrates that the child did not consent to the assault and it is clear that "a child cannot be found to have consented to rape." Dye, at 327. However, pretending to be asleep is not evidence of force "beyond that force inherent in the crime itself." Therefore, the only portion of the victim's statement that addresses the issue of force for purposes of R.C. 2907.02(B) is the single comment that defendant turned the victim over in bed to commit the crime.
 {¶ 97} The defendant's act of turning the victim over in bed to engage in the criminal act involves some degree of compulsion or constraint; i.e., force. However, I believe that the single act of turning the victim over during the sexual assault does not amount to force "beyond that force inherent in the crime itself."Dye, supra. Accordingly, I concur that the fifth assignment of error should be sustained in part and overruled in part.